**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:00-CR-17-003** |
| | § | |
| **RICARDO PERELES, JR.** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 27, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Ricardo Pereles, Jr. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Ken Hawk.

Defendant originally pleaded guilty to Distribution of Cocaine Base, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 26 and a criminal history category of I, was 63 to 78 months. On December 4, 2000, U.S. District Judge William M. Steger sentenced Defendant to 70 months imprisonment followed by a term of four years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On September 21, 2004, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and from unlawfully using a controlled substance. As standard conditions of supervision, Defendant was required to, among other things, submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two

periodic drug tests thereafter, as directed by the probation officer and to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. As a special condition of supervision, Defendant was required to reside in the community corrections component of the community confinement center for a period of 120 days, during which time he was required to observe all rules and regulations of the facility.

In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens which tested positive for marijuana on or about April 11, 2006; April 13, 2006; and April 20, 2006; by submitting a urine specimen which tested positive for cocaine on July 6, 2006; committing the offense of Driving While Intoxicated on February 21, 2007; by speeding 80 MPH in a 70 MPH zone; and by failing to notify the U.S. Probation Office within 72 hours of his arrest on February 21, 2007. The government further alleges that Defendant violated a special condition of supervised release when he was discharged on December 19, 2006 from the community confinement center as a program failure because he submitted a breath sample which tested positive for alcohol.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating a standard condition of supervision by failing to notify the U.S. Probation Office within 72 hours of his arrest on February 21, 2007, as well as violating a special condition of supervision by being discharged from the community confinement center as a program failure on December 19, 2006, leaving an unserved balance of 63 days, because he submitted a breath sample which tested positive for alcohol. In exchange, the government agreed to recommend that Defendant serve 6 months and 63 days in prison with no supervised release to follow.

If the Court finds by a preponderance of the evidence that Defendant committed any of these

violations, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by failing to notify the U.S. Probation Office within 72 hours of his arrest on February 21, 2007, and by failing to complete the community confinement term as ordered by the Court on August 29, 2006, would both constitute Grade C violations, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Ricardo Pereles, Jr., be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months and 63 days with no supervised release to follow. The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 2nd day of May, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE